By the Court.—Curtis, J.
This action was brought against the defendants, to recover damages for the conversion of the plaintiff’s property. The jury found a verdict for the plaintiff against all of the defendants. As to the defendant Mrs. Sarah Ludio w, there was conflicting evidence. It was claimed by the plaintiff that the evidence showed that she authorized and connived at the withholding by the other three defendants of the plaintiff’s furniture, and also of her wearing apparel, and that of her infant children’s. Also that these acts of the three other defendants were not only authorized by her originally, but that she thereafter ratified and adopted them, by having the chattels that were so withheld and converted conveyed to her own premises, and there in part stored, and a part retained and rented with the house.
The defendant, Mrs. Sarah Ludlow, in her own testimony, denies that she ever authorized or instructed any one to take possession or detain this property of the plaintiff’s. There was evidence at the trial corrob *366 orating Mrs. Ludlow’s claim, that her only action in the matter was, as owner of the house where the plaintiff lived, to have her dispossessed, and that she had nothing to do with the conversion of the furniture and other personal property of the plaintiff, and that its being placed on her premises was not her act, but was done to preserve it for the plaintiff, who is her sister.
The proofs at the trial indicated that a harsh and. oppressive course had been taken by the other defendants, not only in prematurely executing the warrant of dispossession, but in using it as a means to deprive the plaintiff of her furniture, household goods, and wearing apparel, and to get the possession.of it themselves. There were circumstances disclosed at the trial that probably tended to impair the credibility of some of the evidence introduced by the defendants. It was a case where the sympathies of the jury would readily be stirred in behalf of the plaintiff. Still it was a case where, if the evidence was such that the defendant Mrs. Ludlow might have been acquitted by a verdict in her favor, she was entitled not to be • prejudiced by any direction from the court in that behalf.
.There seems to be enough shown by the testimony to warrant the jury in so acquitting her, if they gave it credence. After the close of the charge, the counsel for the defendants asked the court to charge the jury that they might find in favor of one or more of the defendants, even if they did not find in favor of all. The court declined so to charge, and the defendants’ counsel excepted.
This might properly have been charged, as matter . of law. The Code, § 274, provides that judgment may be for or against any of the parties. In actions of tort a several judgment can be rendered against some of the defendants, and the others be acquitted (Wagner *367 v. Bill, 19 Barb. 325; Montfort r. Hughes, 3 E. D. Smith, 594).
The defendant Mrs. Ludlow, and possibly other ■defendants, may have been prejudiced by this instruction being withheld from the jury. The latter may have thought that they could not consider the case of any one defendant separately from that of the others, and that it was not in their power to find a verdict for any one defendant. That they had this right, should have been made clear to them, as from the court declining so to charge them, they would possibly consider that they were without such right. It was the privilege of each of the defendants to have his case passed upon by a jury, having full knowledge that they could find in his favor, and against each of the other defendants.
The judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event.
Sedgwick, J., concurred.